IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARION PRUITT, #36078-177, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-1715-B-BK |
| | § | (Criminal No. 3:14-CR-384-B-1) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, the section 2255 motion should be summarily **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In 2015, Petitioner pled guilty to bank robbery and was sentenced under the career offender provisions of the United States Sentencing Guidelines to 170 months' imprisonment. Crim. Doc. 31. In February 2016, his direct appeal was dismissed for failing to present a nonfrivolous issue for review. Crim. Doc. 39. In June 2016, Petitioner filed this timely section 2255 motion to vacate sentence, in which he seeks to extend to the residual clause of the career offender provisions of the Sentencing Guidelines the holding of the Supreme Court in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 2 at 6. The stay of this case, pending the Supreme Court's seminal ruling in *Beckles v. United States*, ___, U.S. ___, 137 S. Ct. 886 (2017), has been lifted; thus, the section 2255 motion to vacate sentence is ripe for review.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

Petitioner claims that the enhancement of his sentence is unconstitutional in light of *Johnson*. Doc. 2 at 6. However, *Johnson* has no bearing on Petitioner's case because his sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather, as previously noted, Petitioner was sentenced under the career offender provisions of the Sentencing Guidelines, found at U.S.S.G. § 4B1.2, and the Supreme Court recently held in *Beckles* that the rule announced in *Johnson* does not apply to the Sentencing Guidelines. *See Beckles*, ___, U.S. at ___, 137 S. Ct. at 895 (Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment Due Process Clause). Accordingly, this claim fails.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the Rules

Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

**SIGNED** April 5, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE